THE STATE OF FLORIDA *ex rel.*, RAILROAD COMMISSIONERS, *Relators*, v. ATLANTIC COAST LINE RAILROAD COMPANY, *Respondent.*

Opinion Filed December 1, 1914.

1. Rule 15 A, of the Rules Governing the Transportition of Freight, promulgated by the Railroad Commissioners, and the mandate of this Court enforcing such rule, contemplates that where substituted cars are voluntarily used in rendering the service, the prescribed rate is applicable.

2.   Where the purpose of a rule in contempt proceedings is to secure a judicial determination of the application of a peremptory writ of mandamus under stated conditions, the rule may be discharged upon the payment of costs by the respondent.

Original proceedings in contempt.

Rule discharged.

*F. M. Hudson,* for Relator;

*W. E. Kay,* for Respondent.

PER CURIAM.—Upon application made a rule was issued by the court requiring the respondent herein to show cause why it has not obeyed a premeptory writ of mandamus issued from this court.   State ex rel., Railroad Com'rs v. Atlantic Coast Line R. Co., 64 Fla. 469, 60 South. Rep. 186.

The peremptory writ commanded the respondent "to observe the rate prescribed in Rule 15-A of the 'Rules Governing the Transportation of Freight' by our Railroad Commissioners for switching cars of lumber over your own tracks only in the Jacksonville yards; that is to say, to charge and receive no more than the sum of two dollars per car for switching cars of rough lumber consigned to and arriving at the City of Jacksonville from points in this State, to any planing mill in the Jacksonville yards and thence, after lumber is dressed, to any point in the same yards, when the said switching movement is over your own tracks only.   And that you certify perfect obedience and due execution of this writ on or before the 1st day of February, 1913."

Rule 15-A is as follows:   "The charge for switching cars of rough lumber consigned to and arriving at the

City of Jacksonville from points in this State to any planing mill in the Jacksonville yards, and thence, after lumber is dressed to any point in the same yard, shall not be more than $2.00 per car; Provided, that when the said switching movement is over the tracks of more than one railroad, a charge of not more than $3.00 may be made. This rule shall not be interpreted as rescinding or modifying Rule 15 except as herein specifically provided."

In the former opinion this court held that "Rule 15-A clearly contemplates a service in which cars loaded with rough lumber and arriving at Jacksonville from within the State, will transport the rough lumber to a planing mill in the railroad yards at Jacksonville, and that the same or substituted cars operated by the same carrier will transport the same or equivalent lumber in dressed form for the original consignee from the planing mill to points of ultimate delivery in the railroad yards at Jacksonville."

The contention here is that in obeying the peremptory writ of mandamus the respondent has no right to insist that the same cars be used instead of substituted cars in transporting each carload of lumber from the mill to the point of ultimate delivery in the Jacksonville yards. In other words that the prescribed rates of service sought to be enforced by the peremptory writ should be applied where the rough lumber is carried to the planing mill in one car and after being dressed the lumber is taken to point of delivery in a substituted car transported by the same company, as the prescribed rate is applied where a car takes the rough lumber to the planing mill and the same car then is loaded with and takes the dressed lumber to point of delivery.

When the validity of the rate prescribed by the Rail-

road Commission for the service rendered was determined in previous proceedings herein, the use of substituted cars in transporting from the mill rough lumber taken there in other cars, was regarded as being done by consent or acquiescence, and if such a practice casts a burden upon the carrier, that circumstance was not made a factor in determining the validity of the rate for the service. As the opinion of the court filed when the peremptory writ was awarded is based upon a supposed consent practice, and the opinion quoted above is subject to the construction that the substituted cars would be used by consent or acquiescence, the respondent is not ruled in contempt for not furnishing cars, but for charging more than the prescribed rate upon substituted cars that it has voluntarily furnished. The mandate of the court is not that the railroad company shall render the service to which Railroad Commission Rule 15-A applies, but that in voluntarily rendering such service by the use of the same or substituted cars, the rate to be demanded should be as adjudged.

As the purpose of this rule is to secure a judicial determination of the application of the peremptory writ of mandamus under stated conditions, the rule will be discharged upon the payment of costs by the respondent.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.